# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NORMA J. CURBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:00-CV-1068 CAS |
| ) | |
| SOLUTIA INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Solutia Inc.'s ("Solutia") motion for attorneys' fees and motion for bill of costs. Plaintiff Norma J. Curby opposes the motions, although she did not offer any objections to Solutia's bill of costs. For the reasons stated below, the Court will deny Solutia's motion for attorneys' fees and grant its motion for bill of costs.

**Background**.

Plaintiff Norma Curby is a former senior executive of defendant Solutia. Plaintiff originally filed an action against Solutia in state court in May 2000, asserting claims arising under a "golden parachute" severance agreement she had with Solutia. Solutia removed the case to this Court on the grounds that plaintiff's claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Plaintiff then amended her complaint to assert ERISA claims and to add claims of race, sex and age discrimination.

On January 17, 2003, the Court granted Solutia's motion for summary judgment on the counts in plaintiff's second amended complaint which sought damages under ERISA and state law for alleged breach of the severance agreement. See Mem. and Order of Jan. 17, 2003 [Doc. 101]. The Court concluded that all of plaintiff's arguments were without merit, and that she had not shown

any ground existed which would entitle her to the value of benefits under the severance agreement because no change of control of Solutia had occurred. Id. at 4-5.

On January 30, 2003, the Court granted Solutia's motion for summary judgment on the remaining counts in the second amended complaint, which sought damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.; and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. The Court concluded that certain of plaintiff's discrimination claims were time barred, and that Solutia was entitled to summary judgment on the merits of the remaining claims. See Mem. and Order of Jan. 30, 2003 [Doc. 107].

On February 14, 2003, Solutia filed a bill of costs and motion for attorneys' fees, and plaintiff subsequently filed a notice of appeal. The Court denied Solutia's motions without prejudice pending the outcome of the appeal. On December 15, 2003, the Eighth Circuit Court of Appeals affirmed this Court's grant of summary judgment in favor of Solutia in all respects. See Curby v. Solutia, Inc., 351 F.3d 868 (8th Cir. 2003). Solutia refiled a motion for bill of costs and motion for attorneys' fees in January 2004.

**Discussion**.

    **A. Motion for Attorneys' Fees**.

Solutia moves for a portion of its attorneys fees expended in this litigation with respect to plaintiff's ERISA claims, in the amount of $98,907.20. Plaintiff responds that the Court should not rule on the motion while Solutia's Chapter 11 bankruptcy proceeding remains pending in the United States Bankruptcy Court for the Southern District of New York, see In re: Solutia Inc., Case No. 03-

17949 (PCB) (Bankr. S.D.N.Y.), and that if it does proceed to rule on the motion, Solutia is not entitled to an award of fees.

As a threshold matter, the Court has refrained from ruling on Solutia's motions because of the ongoing bankruptcy, but because no resolution of the bankruptcy proceeding appears imminent and the motions have been pending for over two years, the Court concludes it is appropriate to address Solutia's motions.

The decision whether to award attorneys' fees under ERISA is discretionary, not mandatory. See Christianson v. Poly-America, Inc. Med. Ben. Plan, 412 F.3d 935, 940 (8th Cir. 2005). In exercising that discretion, a court should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v. Westerhaus, 749 F.2d 494, 494 (8th Cir. 1984) (per curiam). These factors are not required to be applied in a rote fashion; rather, they are "general guidelines" intended to provide direction to district courts in the exercise of their discretion, and also to facilitate "meaningful appellate review." Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). The factors apply in determining whether either a prevailing plaintiff or a prevailing defendant is entitled to fees under ERISA. See Maune v. International Bhd. of Elec. Workers, Local No. 1, 83 F.3d 959, 963-64 (8th Cir. 1996).

The first Westerhaus factor requires the Court to consider the relative culpability and bad faith of the parties. The Court concluded that plaintiff's ERISA claims were without merit because no

3

change of control over Solutia occurred. Solutia argues that plaintiff's ERISA claims were frivolous, as her entitlement to severance benefits was triggered only by a change of control, and no change of control ever occurred. Solutia points to plaintiff's advanced science degrees, training and job responsibilities in arguing that plaintiff and her attorneys had to have known her claims were frivolous, and filed and pursued this action in the hope that Solutia would settle the case rather than face mounting attorneys' fees and costs. In response, plaintiff's affidavit states, inter alia, that (1) she interpreted the severance agreement to allow her to terminate her employment at any time if Solutia demoted her, (2) other important members of her P&D department had "retention" provisions in their agreements with Solutia and therefore she believed she did as well, (3) she was told and believed a change of control of Solutia was in process at the time she submitted her "notice of termination," and (4) she relied on the advice of a former attorney in reaching her interpretation of the severance agreement.

The Court's conclusion that plaintiff's ERISA claims were without merit does not necessarily lead to the finding that plaintiff pursued these claims in bad faith. Although plaintiff was clearly mistaken in her interpretation of the settlement agreement, it appears to the Court that she received inadequate advice from others. It is uncontroverted that plaintiff's decision to submit her "notice of termination" caused her to lose hundreds of thousands of dollars in benefits earned during her long tenure with Solutia, which would have vested within just a few months of her resignation. The Court finds it unfair to assume that plaintiff should have the abilities of a lawyer in interpreting the severance agreement merely because she is a highly educated person in a completely unrelated field. The Court did not, in the considerable time it spent evaluating and managing the instant case, believe that

4

plaintiff, or her counsel, was motivated by bad faith. This factor therefore does not weigh in favor of an award of attorneys' fees but rather is neutral.

The second Westerhaus factor requires an examination of plaintiff's ability to pay an award of attorneys' fees. Solutia asserts that plaintiff earns in excess of $225,000 per year, has stock options with her new employer, Air Products, valued in the hundreds of thousands of dollars, earned over $368,000 from Air Products in 2001 in just over ten months of employment, and received $381,587 from Solutia's Savings and Investment Plan when she left. Plaintiff responds that it took her nine months to find another job after she left Solutia, she has higher cost-of-living expenses in New Jersey, where she was required to relocate for her new job, she has significant expenses of caring for her daughter in college and her elderly mother, the money she received from Solutia when she left was saved over a period of twenty-seven years and is for retirement, and the stock she has in Air Products cannot be sold and will be lost if she leaves Air Products before she reaches the age of sixty-five. Plaintiff does not dispute that she earns a substantial wage, and the Court finds that she would be able to pay an award of attorneys' fees to Solutia. This factor therefore weighs in favor of a fee award.

Under the third Westerhaus factor, the Court must consider whether an award of attorneys' fees would deter other persons acting under similar circumstances. Solutia argues that this factor weighs in favor of an award of its fees, to "clearly send a message to litigious plaintiffs and their attorneys that patently unreasonable and frivolous lawsuits will not be tolerated." Solutia Mem. Supp. at 13. Solutia contends that an award of fees would "make a potential litigant think twice before bringing a meritless claim." Id. at 14. Plaintiff responds that a fee award of the magnitude sought by Solutia could adversely deter other claimants against Solutia from suing to clarify or

5

enforce their plan benefits. Plaintiff states that her claim on an executive employment agreement appears to have been of first impression under ERISA, and that it would be inappropriate and chilling for the Court to award fees under these circumstances.

The Court believes that the possibility of having to pay attorneys' fees would deter other persons acting under similar circumstances. The Court finds this factor to be neutral, however, because although plaintiff's claim was meritless, the Court has not found that she acted in bad faith. A fee award against plaintiff in this case could deter another person from going forward with a novel but valid claim, which would not serve the purposes underlying ERISA.

The fourth Westerhaus factor focuses on whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself. Solutia concedes that this factor is generally not applicable to a defendant seeking attorneys' fees, but notes that in at least one case, a court found it significant in awarding the defendant its attorneys' fees that the plaintiffs were not seeking benefits for plan participants as a whole. See Kirby v. General Elec. Co., 2000 WL 343175, *5 (W.D.N.C. 2000). Plaintiff responds that by defending her claim, Solutia has not preserved plan assets or benefitted any other participant or beneficiary, because the severance agreement at issue was an unfunded employee benefit plan, and therefore Solutia saved substantial funds for itself rather than for any benefit plan. The Court finds this factor is neutral.

The final Westerhaus factor requires the Court to consider the relative merits of the parties' positions. As this Court's two summary judgment orders and the Eighth Circuit's opinion make clear, plaintiff's claims were entirely without merit, and Solutia's defense was meritorious. This factor weighs in favor of an award of fees.

The Court has carefully weighed the foregoing factors. Although this is a close case, the Court in the exercise of its discretion declines to award attorneys' fees to Solutia, primarily because it does not find that plaintiff acted in bad faith, it does not wish to chill other ERISA litigants, and the remaining factors are largely in balance.

**B. Motion for Bill of Costs**.

Solutia filed a motion for bill of costs, seeking costs in the amount of $7,367.24. As stated above, although plaintiff filed a memorandum in opposition to Solutia's motions, she did not address the bill of costs. As a threshold matter, it is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted) (internal citation and quotation omitted).

Under Local Rule 8.03 of this Court, a party objecting to a bill of costs must file a memorandum stating specific objections within fourteen days of the date of being served with the bill of costs. The Rule provides in part, "The Clerk shall tax costs as claimed in the bill if no timely objection is filed." Because no specific objections have been filed in this case, the Court will order the Clerk of the Court to tax costs in favor of Solutia in the amount sought, $7,367.24.

**Conclusion**.

For the foregoing reasons, the Court will deny Solutia's motion for attorneys' fees and will grant its motion for bill of costs.

Accordingly,

**IT IS HEREBY ORDERED** that Solutia Inc.'s motion for attorneys' fees is **DENIED**. [Doc. 125]

**IT IS FURTHER ORDERED** that Solutia Inc.'s motion for bill of costs is **GRANTED**. [Doc. 126]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Solutia as claimed in the bill of costs, in the amount of Seven Thousand Three Hundred Sixty-Seven Dollars and Twenty-Four Cents ($7,367.24).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of October, 2006.